IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3126 |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER GARCIA-HERNANDEZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Garcia-Hernandez has filed a motion to vacate his sentence under § 2255 claiming that *Mathis v. United States*, 136 S. Ct. 2243 (2016), entitles him to relief. Since that case has no bearing whatever on this one, I deny and dismiss the petition with prejudice.[1]

    After a jury trial, and on October 5, 2011 (filing no. 90), I sentenced Garcia-Hernandez to life in prison pursuant to 21 U.S.C. § 841 (b)(1)(A)(viii) (the pertinent penalty for distributing 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine is stated this way: "If any person commits a violation of this subparagraph . . . of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . ."). It is undisputed that Garcia-Hernandez had three prior felony drug convictions. (Filing no. 83, at CM/ECF pp. 10-11 and ¶¶ 49, 51 and 52).

    The *Mathis* case has nothing whatever to do with the penalty provision of the statute under which I sentenced this defendant. Rather, that case dealt with the Armed Career Criminal Act (ACCA) and the penalty provisions of 18 U.S.C. § 924(e),

---

    [1]Since *Mathis* does not apply, the motion is time barred as well.

imposing a 15- year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony," including "burglary." In that case the Court decided how to deal with an Iowa burglary statute where the crime of burglary included crimes that were not generic burglaries. In short, Garcia-Hernandez's reliance on *Mathis* is frivolous.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 170) is denied and dismissed prejudice.

2. A separate judgment will be entered.

3. No certificate of appealability has been or will be issued.

DATED this 24th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

2